NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| YEVGEN TARAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN BRUNO,<br><br>    Defendant. | No. 25cv13426 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Yevgen Taran proceeds *pro se* and brings federal and state law claims against Defendant John Bruno, his former attorney.  D.E. 1 ("Complaint" or "Compl.").  Bruno seeks to dismiss Taran's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.  D.E. 7-2[1] ("Motion" or "Mot.").  Taran opposes Bruno's Motion.  D.E. 7 ("Opposition" or "Opp'n").  Bruno replies.  D.E. 8 ("Reply").

The Court decides Bruno's Motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the reasons set forth below, the Court will **GRANT** Bruno's Motion and **DISMISS** Taran's Complaint *without prejudice*.

I.    BACKGROUND[2]

Taran hired Bruno as defense counsel in a criminal action, where it appears that New Jersey law enforcement brought charges against Taran for possession of unlawful weapons and for acts

---

[1] Bruno filed his notice of motion at D.E. 7.  For ease of reference, this Court refers to the brief filed at D.E. 7-2 as Bruno's Motion.

[2] For purposes of the Motion, the Court accepts the factual allegations of the Complaint as true and draws all inferences in the light most favorable to Taran.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

indicating that Taran intended to attack the New Jersey State Police.  Compl. at 2.  In that criminal action, Taran alleges Bruno "failed to provide any meaningful legal assistance, refused to properly defend the Plaintiff, and repeatedly threatened Plaintiff with imprisonment, using intimidation and coercion."  *Id.*  Taran further claims that Bruno supported law enforcement's false claims, including claims that "Plaintiff was building a bomb, possessed illegal weapons, and intended to commit a terrorist act against the police department located at MetLife Stadium."  *Id.*  Taran claims that a different attorney "fully exonerated" him.  *Id.*  As a result of these charges, however, Taran claims he was wrongfully terminated from his job.  *Id.*  Taran requests a refund of the $5,000 he paid Bruno and for the Court to order a formal investigation into Bruno's conduct.  *Id.*

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed if the district court lacks subject matter jurisdiction over the claims.  Rule 12(b)(1) challenges may be brought as either facial challenges or factual challenges.  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).  When a defendant raises a Rule 12(b)(1) challenge before answering, the challenge is considered a facial one.  *Id.* at 358.  A facial challenge asserts that, even accepting the alleged facts as true, there is no subject matter jurisdiction.  *Id.* at 357.

When considering a facial challenge, courts must apply the same standard of review that applies to a Rule 12(b)(6) challenge.  *Id.*  The Court must therefore accept well-pled factual allegations as true and make reasonable inferences in the plaintiff's favor.  *Id.*  Only if the plaintiff cannot assert a claim giving rise to subject matter jurisdiction is it appropriate to dismiss the complaint.  *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983).

2

**B.**      **Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Cnty. of Allegheny*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Courts may not consider "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

To survive a Rule 12(b)(6) challenge, a plaintiff's claims must be facially plausible, meaning that "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although there is no "probability requirement," plaintiff's claims must do more than present "a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The allegations must amount to "more than labels and conclusions." *Twombly*, 550 U.S. at 555.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## III.    DISCUSSION

"In order to have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction." *Trinh v. Off. Of Recs. Phila.*, 779 F. App'x 118, 119–20 (3d Cir. 2019) (citing 28 U.S.C. §§ 1331–32). As explained below, Taran's Complaint does not permit this Court to exercise either. This Court will therefore **GRANT** Bruno's Motion because this Court lacks subject matter jurisdiction over his claims and **DISMISS** Taran's Complaint *without prejudice*.

### A.    There Is No Diversity Jurisdiction

There is no indication that this Court may exercise diversity jurisdiction over this action. Under 28 U.S.C. § 1332(a)(1), federal courts may exercise original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and where there is complete diversity of citizenship. *See Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998). Taran's Complaint alleges that he resides in New Jersey and that Bruno's office is located in New Jersey. Compl. at 2. Taran does not contend anywhere that diversity jurisdiction exists.

Because there are no facts suggesting that Bruno is a citizen of a state other than New Jersey and the amount in controversy is $5,000, this Court may not exercise jurisdiction under § 1332(a)(1). *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

### B.    There Is No Federal Question Jurisdiction

Taran brings three claims against Bruno: fraud, legal misconduct, and deprivation of civil rights.[3] Compl. at 2. Pursuant to 28 U.S.C. § 1331, federal courts may exercise original

---

[3] Taran names other causes of action in his Opposition, such as extortion by federal officers and wire fraud but "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). The Court will consider only those causes of action that the Court can discern from Taran's Complaint. For Taran's benefit, extortion by federal officers is not discernable from his

jurisdiction over all cases arising under the Constitution, laws, or treaties of the United States. *Club Comanche, Inc. v. Gov't of Virgin Islands*, 278 F.3d 250, 256 (3d Cir. 2002). The cause of action arising under the Constitution, laws, or treaties of the United States must present itself on the face of the complaint. *Id.* at 259 (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). Taran presents only one claim that could satisfy federal question jurisdiction, but because he does not adequately plead it, this Court lacks jurisdiction under § 1331.

> *1.    Taran does not state a claim for relief under 42 U.S.C. § 1983*

Taran's allegations reference Bruno's deprivation of Taran's civil rights and invoke 42 U.S.C. § 1983. To state a claim under § 1983, however, "a plaintiff must allege a violation of a right secured by the constitution or laws of the United States, and that the alleged deprivation was committed by a person acting under color of state law." *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010). "A private actor may qualify as a governmental actor in limited circumstances including when the private entity performs a traditional public function, when the government compels the private entity to take a particular action, or when the government acts jointly with the private entity." *Williams v. Sorg*, No. 22-4036, 2023 WL 2939589, at *2 (E.D. Pa. Apr. 13, 2024) (citing *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019)). A plaintiff's pleadings, however, "must specifically present facts tending to show agreement and concerted action." *Johnson v. Moran*, No. 12-313, 2013 WL 5671266, at *6 (W.D. Pa. Oct. 15, 2013) (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994)). "[M]ere conclusory allegations with no supporting factual averments are insufficient." *Id.*

---

Complaint as he fails to involve the involvement of any federal officer—a statutory prerequisite for stating such a claim. *See* 18 U.S.C. § 872. Nor is wire fraud discernable from his Complaint as that statutorily requires an interstate communication, which is not apparent here given the events at issue all appear to have occurred in New Jersey. *See* 18 U.S.C. § 1343.

Taran presents no facts at all tending to show agreement or concerted action between Bruno and any governmental actor(s).  With respect to any joint action Bruno allegedly took in concert with governmental actors, Taran provides only the following:

> Defendant supported false accusations made by law enforcement, including fabricated claims that Plaintiff was building a bomb, possessed illegal weapons, and intended to commit a terrorist act against the police department located at MetLife Stadium.  The Defendant further supported baseless claims that Plaintiff obtained employment at the airport to carry out a terrorist act, which resulted in Plaintiff being wrongfully terminated and losing his source of income.

Compl. at 2.  These allegations are inadequate.  They fail to provide any information regarding which governmental actors acted in concert with Bruno and fail to explain the circumstances under which Bruno supported false accusations and baseless claims.  Taran therefore fails to adequately allege that Bruno was "a person acting under color of state law" for purposes of § 1983.  *See, e.g.*, *Papeskov v. Santander Consumer USA*, No. 11-1154, 2011 WL 2457853, at *3 (D.N.J. June 16, 2011) (dismissing § 1983 claims because defendants "are all private corporations and none are government officials"); *Coulter v. Coulter*, No. 22-1806, 2023 WL 3075044, at *18–19 (W.D. Pa. Apr. 25, 2023) (dismissing § 1983 claims against private actors for failure to plausibly infer any agreement or concerted action between them and any governmental actor).

Moreover, Taran fails to identify what constitutional right Bruno deprived him of.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed.").  Because Taran appears only to challenge the sufficiency of Bruno's representation, his § 1983 claim additionally fails because he does not plausibly state that he suffered an actionable deprivation.  *See Gordon v. Nicholas*, No. 22-1884, 2023 WL 114054, at *2 (M.D. Pa. Jan. 5, 2023) (dismissing § 1983 claim because plaintiff failed to identify what constitutional right was violated).  Accordingly, the Court will **GRANT** Bruno's Motion as it relates to Taran's § 1983 claim and **DISMISS** the claim ***without prejudice***.

6

       2.     *Taran's other claims do not arise under the Constitution, laws, or treaties of the United States*

Taran's other two claims for fraud and legal misconduct do not provide a basis for exercising federal question jurisdiction either. Fraud is a common law cause of action.[4] *See, e.g.*, *Gennari v. Weichart Co. Realtors*, 148 N.J. 582, 691 (1997) (providing the pleading standard for common law fraud in New Jersey). Legal malpractice is also a state law action. *Pue v. New Jersey Dep't of Lab.*, No. 23-855, 2023 WL 5671561, at *7 (D.N.J. Sept. 1, 2023) (providing the pleading standard for common law legal malpractice) (citing *Giles v. Wiley, Malehorn & Sirota*, 345 N.J. Super. 119, 125–26 (App. Div. 2001)). Taran therefore provides no basis for this Court to exercise subject matter jurisdiction.[5] The Court will therefore **GRANT** Bruno's Motion and **DISMISS** Taran's Complaint *without prejudice*.

## IV.    CONCLUSION

Having determined that this Court lacks a basis on which it may exercise subject matter jurisdiction at this time, the Court will **GRANT** Bruno's Motion and **DISMISS** Taran's Complaint *without prejudice*. Accordingly,

**IT IS**, on this 13<u>th</u> day of <u>March</u> 2026,

**ORDERED** that Bruno's Motion, D.E. 7, is **GRANTED**; and it is further

---

[4] Statutory fraud in New Jersey applies to consumer fraud actions. N.J. Stat. Ann. §§ 56:8-1–184. Because Taran does not allege purchasing a product or real estate from Bruno, statutory fraud does not apply. *See id.*; *N.J. Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 12–13 (App. Div. 2003). Even if Taran could plead statutory fraud under New Jersey law, such a claim would still fail to raise a federal question.

[5] Because it is early in the litigation, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Taran's remaining state law claims. *See Glaziers and Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc.*, 823 F. Supp. 1191, 1193 (E.D. Pa. 1993) (finding it inappropriate to exercise supplemental jurisdiction when federal claims had been dismissed early in litigation).

**ORDERED** that Taran's Complaint, D.E. 1, is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Taran may file an amended complaint within **thirty days** of the date of this Memorandum Order; and it is finally

**ORDERED** that Taran's other pending motions are **DENIED** as moot; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Taran by regular mail.

Dated:  March 13, 2026

_____
Evelyn Padin, U.S.D.J.